# FRANK T. TRENDA v. TOWN BOARD OF WHEATLAND.[1]

December 21, 1917.

No. 20,674.

**Highway — evidence — new trial.**

Petition for laying out road denied by town board. On appeal to the district court the jury reversed the order of the board. On appeal by town board, *held:* (1) The evidence supported the verdict; (2) the court did not err in excluding a remonstrance against the road signed by many free-holders; and (3) the court did not err in denying a new trial because of cumulative evidence newly discovered. [Reporter.]

Frank T. Trenda and others petitioned the board of supervisors of the town of Wheatland for a new road. From an order of the board denying the petition, Trenda appealed to the district court for Rice county where the appeal was tried before Childress, J., and a jury which reversed the decision of the board of supervisors. From an order denying its motion for a new trial, the town board of Wheatland appealed. Affirmed.

*James P. McMahon,* for appellant.

*Charles C. Kolars,* for respondent.

PER CURIAM.

A petition, in due form, signed by 34 legal voters of the town of Wheatland, in Rice county, owning real estate therein and within three miles of the proposed highway, was filed in the office of the town clerk of that town, asking the town board to lay out and establish a new road 4 rods wide in said town. A time for hearing the petition was fixed, due notice given, a hearing had, and the prayer of the petition denied. Frank T. Trenda, who was one of the petitioners, appealed to the district court from the order of the town board. The appeal was tried to a jury, and a verdict rendered to the effect that the order of the town board refusing to lay out the highway be reversed and the highway laid out and established. From an order denying its motion for a new trial the town board appealed.

In its motion for a new trial, appellant sets forth 4 grounds why a new trial should be granted: (1) That the verdict is not justified by the evidence; (2) error in excluding the remonstrance from the evidence; (3) misconduct of counsel for respondent; (4) newly discovered evidence.

[1] Reported in 165 N. W. 472.

It is not disputed but that the proposed highway would connect two section line roads, and that it would afford an outlet to farms now having no highway. There is a wide range in the testimony as to the cost of establishing and putting the highway in condition for travel. The appellant offered testimony to the effect that the cost would exceed $12,000, while the respondent offered proofs that it would not exceed $3,000.

The question of public necessity and the feasibility of the undertaking was submitted to a jury, and there was ample testimony to support the verdict. Upon the trial appellant offered in evidence a so-called remonstrance against the establishing of the highway signed by numerous freeholders of the town, which, upon objection, was excluded. The ruling was right. The offer was not competent for any purpose.

We have examined the record with care, and find nothing that suggests impropriety on the part of counsel for respondent during the trial. The newly discovered evidence referred to in the numerous affidavits, if admissible in evidence, would be but cumulative at best, and there was no error in denying a new trial upon that ground.

Affirmed.